UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PRACTICAL HEALTH CARE
SUPPLY, INC.                                    CIVIL ACTION NO. 12-MC-0016

VERSUS

DELMAR SYSTEMS, INC.                            MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Before the Court is a Motion to Quash Subpoena, Objection to Production and Alternative Motion for Protective Order filed by Practical Health Care Supply, Inc.(PHS) .[Rec. Doc. 1] The subpoena was issued to PHS by Delmar Systems, Inc.(Delmar) in conjunction with litigation pending in the Eastern District of Louisiana to which PHS is not a party. As the subpoena had a return date for document production and a deposition of July 10, the Court convened a telephone conference among the parties and the court on Monday, July 9, 2012, beginning at 3:30 p.m. and concluding at 3:32 p.m.[1] Participating with the undersigned were Martha Mansfield for PHS and Allen Breaud for Delmar.

PHS argued that the subpoena for document production and deposition testimony by the non-party PHS imposes an undue burden upon PHS as

---

[1] Statistical time 12 minutes.

contemplated by Rule 45(c)(1) of the Federal Rules, calls for production/testimony of/about internal, confidential information, and calls for production/testimony of/about information not relevant to the cause of action in the underlying litigation. Delmar contends the subpoena is directed to discovering information that may be used to discredit a witness in the underlying litigation.  This Court agrees that the information sought is reasonably calculated to lead to the discovery of admissible evidence, however, this Court also finds the scope of the discovery request is overbroad.

Based on Fed. Rule Civ. P. 26 (c), made applicable by operation of Rule 37(a)(c), the Court will not quash the subpoena, and will allow discovery of the information sought by the subpoena but only insofar as it pertains to the witness at issue and the clinic in which he practices.

Therefore, based on the foregoing,

**IT IS ORDERED** that the Motion to Quash is DENIED.

**IT IS FURTHER ORDERED** that the alternative Motion for Protective Order is GRANTED.  The subpoena at issue will be limited in scope to the categories referenced at Exhibits A and B of the document that may contain information pertaining to Dr. David S. Muldowny and/or his practice at Lafayette Bone and Joint Clinic.  If either Dr. Muldowney or Lafayette Bone and Joint Clinic is a

shareholder, officer or director in PHS, the docuemtns sought in item 2 shall be produced subject to the right of PHS to redact the names of any other persons or entities. In accordance with this limitation, as discussed with the parties, PHS will respond to the subpoena with appropriate document production and the right of Delmar to depose a PHS representative witness under oath, if necessary after the document production, is reserved subject to any objection PHS may have which it may urge by separate motion.

**IT IS FURTHER ORDERED** that the request for attorney's fees and costs is DENIED, Fed. R. Civ. P. 37(c).

Signed at Lafayette, Louisiana, this 10th day of July, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)